**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHEILA MARIE EYAJAN,** | ) | |
| **Plaintiff** | ) | **C.A. No. 21-364 Erie** |
| | ) | |
| **v** | ) | **District Judge Susan Paradise Baxter** |
| | ) | |
| **ANDREWS & PONTIUS, LLC, et al.,** | ) | |
| **Defendants** | ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiff Sheila Marie Eyajan, an adult resident of Erie County, Pennsylvania, initiated this civil rights action on December 30, 2021, by filing a *pro se* complaint accompanied by a motion to proceed *in forma pauperis* ("ifp motion"). [ECF No. 1]. By Memorandum Order dated May 20, 2022, this Court granted Plaintiff's ifp motion, but dismissed Plaintiff's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), without prejudice to Plaintiff's right to file an amended complaint more clearly setting forth her claims and the defendants against whom each claim is asserted.

Plaintiff subsequently filed an amended complaint [ECF No. 7] on July 7, 2022, which is the operative pleading in this case. Named as Defendants in the amended complaint are Andrews & Pontius, LLC ("A&P"), an Ohio limited liability company; Carolyn E. Smith and her husband, Dale C. Smith (the "Smith Defendants"); unnamed individuals identified as "the Smith heirs;" Bill Bobulsky ("Bobulsky"), Robert McNair ("McNair"), and the law firm with which they are associated, McNair & Bobulsky Co, LPA ("M&B"); Terry E. Warren ("Warren"); Warren & Young PLL ("W&Y"); and unnamed Defendants identified as "Unknown Does 1-100."

1

Though the specifics of Plaintiff's allegations are somewhat meandering and difficult to comprehend, it appears Plaintiff's claims arise primarily from the administration of the estate of her father, Richard Eyajan, in Ashtabula County, Ohio, in 1999, which allegedly involved the fraudulent probate of her father's "1985 will," and the resultant transfers of various parcels of real property. Plaintiff asserts two causes of action based on alleged violations of two different Ohio statutes. The first cause of action alleges a violation of Ohio Revised Code Section 5301.07, claiming that "deeds were given to six other people through sales of real estate belong[ing] to Beverly A. Eyajan (Plaintiff's mother)" and, thus, "[t]he validity of those deeds do not have clear title because Beverly A. Eyajan never signed off her dower rights." (ECF No. 7, at p. 4). The second cause of action alleges a violation of Ohio Revised Code Section 2305.4 "to recover property and dower right fraud under Ohio law contract with real estate." (Id. at p. 5). As relief for her claims, Plaintiff seeks "property deeds returned back to Beverly A. Eyajan or the value of such property be given to Beverly A. Eyajan along with punitive damages for the loss she sustained going without such real estate." (Id. at pp. 6-7).

Motions to dismiss the amended complaint have been filed by Defendants Warren and W&Y [ECF No. 28], the Smith Defendants [ECF No. 30], and Defendant A&P [ECF No. 37].[1] Each of said motions asserts, *inter alia*, that this Court lacks subject matter jurisdiction and that Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff has since filed a

---

[1] According to the docket, it appears that Defendants Bobulsky, McNair, and M&B have never been properly served in this matter, and no attorney has entered an appearance on behalf of any of them; however, the docket does contain a remark stating that Defendant McNair could not be served because he is deceased [ECF no. 42]. In addition, Plaintiff has never fully identified the "Smith heirs," nor has she appropriately identified the unnamed "Doe Defendants."

document entitled "motion to respond to dismiss motion" [ECF No. 41], which reads like a short response and has sixty pages of documents attached to it that are apparently intended to support Plaintiff's claims. Plaintiff has also filed a motion to change venue/jurisdiction [ECF No. 43], which contains a more detailed response to Defendants' arguments and also asks the Court to change venue "back to the probate court located in Ashtabula, Ohio" if this case is filed in the wrong court. This matter is now ripe for consideration.

## II.    DISCUSSION

### A.    Subject Matter Jurisdiction

Defendants assert that this court does not have subject matter jurisdiction over this matter because Plaintiff lacks standing to bring her claims. The Court agrees.

The question of standing is a threshold inquiry. City of Pittsburgh v. West Pennsylvania Power Co., 147 F.3d 256, 264 (3d Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). See also Ballentine, 486 F.3d at 810 ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

Standing is not merely a "pleading requirement but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. Plaintiff must demonstrate that she has standing to bring each and every claim. Toll Bros., Inc. v. Twp. of Readington, 555 F.3d

131, 139 n.5 (3d Cir. 2009) (a plaintiff "must demonstrate standing for each claim it seeks to

press" and "must demonstrate standing separately for each form of relief sought") quoting

Daimler-Chrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006) and Friends of the Earth, Inc. v.

Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 185 (2000)

The United States Court of Appeals for the Third Circuit summarized Article III's

standing requirements:

> The irreducible constitutional minimum of Article III standing consists
> of three elements.  First, the plaintiff must have suffered a concrete,
> particularized injury-in-fact, which must be actual or imminent, not
> conjectural or hypothetical. Second, that injury must be fairly traceable
> to the challenged action of the defendant, and not the result of the
> independent action of some third party not before the court. Third, the
> plaintiff must establish that a favorable decision likely would redress
> the injury.

Toll Bros., 555 F.3d at 137-38 (internal citation omitted). "While all three of these elements are

constitutionally mandated, the injury-in-fact element is often determinative," and "'[t]he harm

must affect the plaintiff in a personal and individual way.'" Id. at 138, quoting Lujan v.

Defenders of Wildlife, 504 U.S. 555, 560 n. 1 (1992). See also Valley Forge Christian Coll. v.

Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) ("Art.III

requires the party who invokes the court's authority to 'show that he personally has suffered

some actual or threatened injury as a result of the putatively illegal conduct of the defendant'"

(internal citation omitted)).

Moreover, beyond the foregoing constitutional requirements, the federal judiciary has

also adhered to a set of prudential principles that bear on the question of standing. The first of

these is that "'the plaintiff generally must assert his own legal rights and interests and cannot rest

his claim to relief on the legal rights or interests of third parties.'" <u>Valley Forge</u>, 454 U.S. at 474-75, <u>quoting</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975).

Here, Plaintiff is challenging the legality of various sales of real estate that allegedly belonged to her mother, Beverly A. Eyajan. It bears repeating that the specific relief Plaintiff requests is for the "property deeds [to be] returned back to Beverly A. Eyajan or the value of such property be given to Beverly A. Eyajan along with punitive damages for the loss she [Beverly] sustained going without such real estate." (ECF No. 7, Amended Complaint at pp. 6-7). Neither the claims raised, nor the relief requested, is personal to Plaintiff. She is not asserting her own legal rights or interests, but is, instead, pursuing the legal rights and interests of her mother. Thus, Plaintiff has failed to establish the requisite standing to bring her claims before this Court, either constitutionally or prudentially. As a result, Plaintiff's claims will be dismissed in their entirety due to this Court's lack of subject matter jurisdiction.

### B.   Motion for Change of Venue

Plaintiff has filed a motion for change of venue requesting that this matter be sent "back to the probate court located in Ashtabula, Ohio" in the event this Court determines that this matter is "filed in the wrong court." [ECF No. 43]. However, Plaintiff lacks standing to bring her claims in state court, as well, because Rule 17(A) of the Ohio Rules of Civil Procedure requires that "[e]very action shall be prosecuted in the name of the real party in interest." The "real party in interest" is the party who has the real interest in the subject matter of the litigation. <u>West Clermont Education Assn. v. West Clermont Bd. of Education</u>, 67 Ohio App. 2d 160, 162, 426 N.E.2d 512 (1980). As noted, the real party in interest in this case is Plaintiff's mother, Beverly A. Eyajan, not Plaintiff. Thus, Plaintiff's motion to change venue [ECF No. 43] will be denied as

futile.

An appropriate Order follows.